CINCINNATI TRACT. CO. v. COCORAN et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3142. Decided Feb. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

TRIAL.

(590 V2a) Verdict of $10,000 for injury rendering sight of one eye almost useless, which injury also interfered with vision of other eye, is not excessive.

(590 E3k) Instructions to jury before argument that testimony as to certain statements made after accident contrary to those made at the trial could be considered only for the purpose of impeaching the testimony of the witness, is proper.

Error to Common Pleas.
Judgment affirmed.

Leo J. Brumleve, Cincinnati, for Traction Co.

Freiberg, Avery & Simmonds and J. Paul Geoghegan, Cincinnati, for Cocoran.

STATEMENT OF FACTS.

The petition below, filed January 10, 1917, alleged that on March 26, 1916, the plaintiff, then fourteen years old, while a passenger in an automobile, was, through the negligence of the defendant, seriously injured as the result of a collision, at a street intersection in Cincinnati, between said automobile and a street car operated by the defendant. The injuries complained of consisted of a cut in the right eyelid and the right eyeball, resulting in the destruction of the qualitative vision of the right eye, in addition to the permanent disfigurement of the ball of that eye; and leaving only what is known as quantitive vision—that is, she can see an object moving, without being able to determine what the object is.

At the trial, in May, 1927, a verdict for $10,000.00 was returned in favor of the plaintiff. The defendant prosecutes error from the judgment entered on that verdict, urging (1) that the verdict is not sustained by sufficient evidence and is contrary to the law and the evidence; (2) that the damages awarded are excessive; and (3) that the trial court erred in giving a certain special charge to the jury.

MILLS, J.

We are of the opinion that the jury might reasonably conclude from all the evidence, that the negligence of the defendant was a proximate cause of the injury.

There is evidence that the injured eye, besides being itself almost useless, actually interferes with the vision of the other eye. The eye was submitted to three surgical operations. The jury was justified in believing that the plaintiff suffered considerable pain from both the original cut and the subsequent surgical operations. We cannot say that the damages assessed were excessive.

On cross-examination, John Corcoran, testifying for the plaintiff, was asked whether immediately after the accident he had not patted the motorman on the back and said: "When you make your report, you tell them you are not at fault. It is my fault." He denied that he had ever made that statement, or any other statement to either the motorman or the conductor.

The defendant introduced the testimony of Dwyer, the conductor, and Steele, the motorman of the street car, to the effect that Mr. Corcoran had made the statement referred to in practically the words quoted above, immediately after the accident.

At the request of the plaintiff, the following special charge was read to the jury before the argument:

"Certain testimony by defendant's witnesses has been introduced to the effect that John Corcoran, the driver of the automobile, made certain statements some time after the accident. This testimony is not proof of the truth of those statements, but can be considered solely for the purpose of impeaching John Corcoran as a witness and affecting his credibility."

Counsel for the defendant admit that, according to the weight of authority, the testimony as to the prior self-contradictions of Corcoran was admissible for the sole purpose of affecting Corcoran's credibility as a witness. Wigmore on Evidence, Section 1018 and authorities there cited.

It is contended, however, that the special charge as given was prejudicial to the defense, in that it contained the hint that the testimony of Steele and Dwyer did not tend to prove that Corcoran made the alleged statements.

We are of the opinion that the charge complained of was correct, and not open to the construction suggested by the defendant.

Finding no errors in the record that were prejudicial to the defendant, we affirm the judgment of the Court of Common Pleas. (Hamilton, PJ., and Cushing, J., concur.)